# United States Court of Federal Claims

**NOT FOR PUBLICATION**

No. 22-729V
(February 11, 2025*)

|  |  |
|---|---|
| **JEFFREY S. CURRY**, | ) |
|  | ) |
| *Petitioner*, | ) |
|  | ) |
| v. | ) |
|  | ) |
| **SECRETARY OF HEALTH AND HUMAN SERVICES**, | ) |
|  | ) |
| *Respondent*. | ) |

*Richard D. Underwood,* Harris Shelton, PLLC, Memphis, TN, for petitioner.

*Emily M. Hanson,* Trial Attorney, Torts Branch, Civil Division, U.S. Department of Justice, Washington, DC, for defendant. With her on the briefs were *Brian M. Boynton*, Principal Deputy Assistant Attorney General, and *C. Salvatore D'Alessio*, Director, *Heather L. Pearlman*, Deputy Director, and *Julia M. Collison*, Assistant Director, Torts Branch, Civil Division, U.S. Department of Justice.

## REMAND ORDER

*BONILLA, Judge*.

Petitioner Jeffrey S. Curry seeks review of a decision of the United States Court of Federal Claims Office of Special Masters (OSM) denying entitlement under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa *et. seq*. Specifically, Mr. Curry challenges OSM's finding that his claimed off-Table injury did not begin within a medically acceptable timeframe after the administration of the vaccine in question. ECF 37. For the reasons set forth below, pursuant to Vaccine Rules 27(c) and 28(b), the Court remands this matter to the OSM for the limited purpose of reevaluating petitioner's proffered expert witness opinion and surrounding evidence in light of the identified factual error inextricably linked to the initial credibility assessment.

---

*This decision was initially filed under seal on January 21, 2025, in accordance with Rule 18(b) of the Vaccine Rules of the United States Court of Federal Claims, to allow the parties to propose redactions based upon privacy concerns. No proposed redactions were filed.

Mr. Curry received a tetanus-diphtheria-acellular pertussis (Tdap) vaccine on July 3, 2019, during an annual wellness visit with his primary care physician. Two days later, he sought medical treatment at an urgent care facility, complaining of urinary retention dating back to his recent physical, which included a reportedly "painful" prostate examination. Twenty-four hours later, Mr. Curry went to the emergency room, repeating his complaints of urinary retention and reporting leg weakness, pain, and difficulty walking.[1]  Diagnosed with prostatitis, he was prescribed medication and discharged on July 7, 2019. Mr. Curry returned to the emergency room three days later, after reportedly experiencing more severe extremity pain and weakness that spread to his lower back and abdomen. It was during this twelve-day hospital stay, followed by a month of inpatient physical therapy, that Mr. Curry was diagnosed as likely suffering from Transverse Myelitis (TM).[2]

Relevant here, one of Mr. Curry's treating neurologists during his July 10–22, 2019 hospital stay was Shiva Shankar Natarajan, M.D. Dr. Natarajan thereafter continued to treat Mr. Curry beginning in mid-September 2019. The neurologist served as petitioner's expert witness, proffering that the Tdap vaccine likely caused Mr. Curry's TM. Discounting Dr. Natarajan's opinion, OSM noted:

> [A]lthough Dr. Natarajan was one of Petitioner's actual treaters, he did not encounter Petitioner until *September 2019* – two months after onset – and thus he has no specific personal knowledge of the circumstances of Petitioner's onset, leaving the contemporary records as the primary evidence relevant to the issue.

ECF 37 at 20 (emphasis in original). This factual error—included in the OSM decision denying entitlement—undermines the credibility determinations made in summarily dismissing Mr. Curry's claim.

To be clear, nothing in this order should be read or interpreted as finding or otherwise suggesting that the timing of Dr. Natarajan's initial contact with Mr. Curry requires vacating or reversing the OSM entitlement decision. In addition to evaluating the neurologist's proffered opinion, the OSM decision was informed by Mr. Curry's medical records, respondent's expert witness, medical literature, and case law. Nevertheless, this Court cannot simply accept respondent's invitation to find the conceded error harmless while abiding by the contrary admonition that the OSM's credibility assessments are "virtually unreviewable on appeal." *See Porter v. Sec'y of Health & Hum. Servs.*, 663 F.3d 1242, 1251 (Fed. Cir. 2011) (collecting cases). In this case, the Court is unacceptably left to wonder what impact, if any,

---

[1] Previously diagnosed with hypertension, Mr. Curry was reportedly experiencing hypotension.

[2] TM is a rare neurological condition involving the inflammation of the spinal cord. *See* https://perma.cc/K63W-MCW9 (last visited Jan. 21, 2025).

Dr. Natarajan's earlier (and continued) engagement with Mr. Curry would have had on the OSM's assessment of the neurologist's proffered diagnosis and medical opinion. The most prudent course of action in this circumstance is a limited remand to afford the OSM the opportunity to answer these questions in the first instance.[3] In the future, counsel should consider filing a motion for reconsideration with the OSM under Vaccine Rule 10(e)(1) before seeking review in this Court.

## CONCLUSION

For the foregoing reasons, in accordance with Vaccine Rules 27(c) and 28(b), this matter is **REMANDED** to OSM for a period of **ninety days** for further action consistent with this order. By operation of Vaccine Rule 28.1, the pending motion for review (ECF 38 & 40) is **DENIED** as moot.

It is so **ORDERED**.

_____
Armando O. Bonilla
Judge

---

[3] The parties and this Court might further benefit from the OSM fleshing out Mr. Curry's current assertion that the OSM failed to address the distinction between urinary retention and burning in his reported symptoms as they relate to TM.